UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:21-cr-00001 |
| v. | MEMORANDUM OPINION & ORDER |
| ROY CHAPMAN CORRELL, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Roy Chapman Correll has moved for a reduction in his sentence based on COVID-19 and his medical conditions, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 58. The Federal Public Defender filed a supplemental motion for compassionate release. Dkt. 62. The Government opposes the motions. Dkt. 63. For following reasons, the motions are denied.

## Background

On January 22, 2021, Correll pleaded guilty to possession of material involving sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 6. In May 2021, he was sentenced to 60 months of imprisonment and 25 years of supervised release. Dkt. 26. He is incarcerated at FCI Petersburg and projected to be released on September 17, 2024.

## Statutory Framework

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a

1

term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons ("BOP") and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

## Analysis

### A. Exhaustion

Correll has exhausted his administrative remedies because he made a written request to his warden requesting compassionate release and waited more than 30 days before filing his motion. *See* Dkt. 58-2 (Defendant's Request to Warden); Dkt. 62 at 3.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether Correll has met his burden of showing an extraordinary and compelling reason for a sentence reduction. Correll argues that his sentence should be reduced either because (1) his medical conditions make him vulnerable to COVID-19 or (2) his scoliosis will continue to deteriorate under the BOP's COVID-19 operational restrictions. Dkt. 58 at 5–14; Dkt. 62 at 3–9.

The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted). "[I]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release [under § 3582(c)(1)(A)] when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Colleton*, No. 21-6015, 21-6021, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (unpublished, per curiam) (citation omitted).

Correll first argues that his severe anxiety, post-traumatic stress disorder, and scoliosis make him vulnerable to COVID-19. Dkt. 58 at 5–6. According to the Center for Disease Control and Prevention, none of his medical conditions place him at a high risk of contracting severe COVID-19.[1] In addition, Correll was offered a COVID-19 vaccine and refused it. Dkt. 62 at 1 n.1. This undermines his argument that compassionate release is justified based on his vulnerability to COVID-19. *See United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against finding of extraordinary and compelling circumstances."); *United States v. Muse*, No. 7:17-CR-00011, 2021 WL 2346021, at *2 (W.D. Va. June 8, 2021) (Urbanski, C.J.) ("Though [Defendant] has the right to refuse medical treatment due to concerns about its efficacy and safety, the refusal to take preventive measures addressing the concern at the heart of his motion is not consistent with a sentence reduction."). As such, the Court finds that any increased risks posed by COVID-19

---

[1] *See People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 18, 2022).

due to his underlying medical conditions do not constitute extraordinary and compelling circumstances.

Next, Correll argues that his deteriorating scoliosis, along with the BOP's inability to accommodate this condition due to its COVID-19 operational restrictions, constitutes an extraordinary and compelling reason for a sentence reduction. Dkt. 58 at 6–8; Dkt. 62 at 3–9. Correll has suffered from genetic scoliosis since he was a child. Dkt. 62 at 4. According to an X-ray from January 2021, he has a 50-degree dextroscoliosis (sideways curve of the spinal column). Dkt 58-4 at 2; Dkt. 62 at 4–5. He argues the BOP's response to COVID-19 is preventing him from obtaining treatment and exercise necessary to prevent his scoliosis from becoming a permanent physical impairment. *See* Dkt. 62 at 5–6. While incarcerated, he has experienced increased pain from his scoliosis, Dkt. 58-4 at 8, and has been unable to receive chiropractic treatment, Dkt. 58 at 7; Dkt. 62 at 6.

Correll has failed to demonstrate his scoliosis constitutes an extraordinary and compelling reason for sentence reduction. While Correll's spine curvature has slightly worsened since being in prison, Dkt. 62 at 4–5, his condition started deteriorating several years prior to incarceration, *see* Dkt. 58-4 at 4 (The January 2021 X-ray Report noting that his spinal curvature has "progressed since 2015."). This indicates that the BOP's COVID-19 operational restrictions likely did not accelerate his scoliosis. In addition, the BOP has been accommodating of his condition by allowing him to wear a prescribed back brace and to have a lower bunk to help ease his pain. Dkt. 58-4 at 5; Dkt. 58 at 7. And Correll has greater flexibility now to complete exercise

treatment for his scoliosis since FCI Petersburg is currently listed as having minimal COVID-19 operational modifications.[2] *See* Dkt. 62 at 7.

Accordingly, Correll has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

### Conclusion

For the reasons stated herein, the Court **DENIES** the motions for compassion release. Dkts. 58, 62.

The Clerk of Court is directed to send a copy of this Order to Defendant, all counsel of record, and the U.S. Marshals Service.

It is so **ORDERED**.

Entered this  22nd  day of November, 2022.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Modified Operational Levels, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Nov. 8, 2022).